1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

CLAUDIA J. WOLD,

9

Plaintiff,

10

v.

11

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

12

13

Defendant.

NO.  C13-1481-RSM-JPD

REPORT AND
RECOMMENDATION

14

Plaintiff Claudia J. Wold appeals the final decision of the Commissioner of the Social

15

Security Administration ("Commissioner") which denied her applications for Disability

16

Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI

17

of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an

18

administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that

19

the Commissioner's decision be reversed and remanded for further proceedings.

20

I.      FACTS AND PROCEDURAL HISTORY

21

At the time of her administrative hearing, plaintiff was a 54 year-old woman with a AA

22

degree.  Her past work experience includes employment as a telemarketer, janitor, sales clerk,

23

laborer, customer service representative, survey worker and child monitor.  AR at 95.  Plaintiff

24

was last gainfully employed in April 2008.  AR at 35.

REPORT AND RECOMMENDATION - 1

1    On August 6, 2010, plaintiff filed a claim for SSI payments and for DIB, alleging an

2  onset date, later amended to 2008. AR at 33. Plaintiff asserts that she is disabled due to left

3  shoulder impingement, asthma, degenerative joint disease, obesity, and depression and anxiety.

4  AR at 36-41.

5    The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 33.

6  Plaintiff requested a hearing which took place on November 29, 2011. AR at 52-102. On

7  January 27, 2012, the ALJ issued a decision finding plaintiff not disabled and denied benefits

8  based on her finding that plaintiff could perform her past relevant work of a telemarketer and

9  customer service representative. AR at 33-46. After reviewing additional evidence, the

10  Appeals Council denied plaintiff's request for review. AR at 1-6. Plaintiff timely filed the

11  present action challenging the Commissioner's decision. Dkt. No. 3.

12                              II.    JURISDICTION

13    Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§

14  405(g) and 1383(c)(3).

15                           III.    STANDARD OF REVIEW

16    Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

17  social security benefits when the ALJ's findings are based on legal error or not supported by

18  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th

19  Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

20  such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

21  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

22  (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

23  medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*,

24  53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a

REPORT AND RECOMMENDATION - 2

1  whole, it may neither reweigh the evidence nor substitute its judgment for that of the

2  Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

3  susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

4  must be upheld. *Id.*

5        The Court may direct an award of benefits where "the record has been fully developed

6  and further administrative proceedings would serve no useful purpose." *McCartey v.*

7  *Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292

8  (9th Cir. 1996)).  The Court may find that this occurs when:

9        (1) the ALJ has failed to provide legally sufficient reasons for rejecting the
       claimant's evidence; (2) there are no outstanding issues that must be resolved
10      before a determination of disability can be made; and (3) it is clear from the
       record that the ALJ would be required to find the claimant disabled if he
11      considered the claimant's evidence.

12 *Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that

13 erroneously rejected evidence may be credited when all three elements are met).

14                    IV.    EVALUATING DISABILITY

15       As the claimant, Ms. Wold bears the burden of proving that she is disabled within the

16 meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th

17 Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in

18 any substantial gainful activity" due to a physical or mental impairment which has lasted, or is

19 expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§

20 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments

21 are of such severity that she is unable to do her previous work, and cannot, considering her age,

22 education, and work experience, engage in any other substantial gainful activity existing in the

23 national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-

24 99 (9th Cir. 1999).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

1    true, then the burden shifts to the Commissioner at step five to show that the claimant can

2    perform other work that exists in significant numbers in the national economy, taking into

3    consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§

4    404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the

5    claimant is unable to perform other work, then the claimant is found disabled and benefits may

6    be awarded.

7                              V.      DECISION BELOW

8        On January 27, 2012, the ALJ issued a decision finding the following:

9        1.    The claimant meets the insured status requirements of the Social
               Security Act through March 31, 2015.
10

11       2.    The claimant has not engaged in substantial gainful activity since
               April 4, 2008 the alleged onset date.

12       3.    The claimant has the following severe impairments: left shoulder
               impingement, asthma vs. chronic obstructive pulmonary disease
               (COPD), degenerative joint disease (DJD) of the proximal
13             interphalangeal joints (PIP) joints, and obesity.

14       4.    The claimant does not have an impairment or combination of
               impairments that meets or medically equals the severity of one of the
15             listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

16       5.    After careful consideration of the entire record, the undersigned finds
               that the claimant has the residual functional capacity to occasionally
17             lift and carry fifteen pounds, frequently lift and carry ten pounds, stand
               and/or walk four hours in an eight-hour workday, and sit eight hours in
18             an eight-hour workday.  She can occasionally balance, stoop, kneel,
               crouch, crawl, and climb ramps or stairs.  She can never climb ladders,
19             rope, or scaffolding.  She can occasionally reach overhead with her
               left upper extremity.  She can frequently finger bilaterally, as in fine
20             manipulation.  She must avoid concentrated exposure to pulmonary
               irritants.
21
         6.    The claimant is capable of performing past relevant work as a
22             telemarketer (DOT 299.357-014, svp 3, sedentary work) and a
               customer service representative (DOT 239.362-014, svp 5, sedentary
23             work).  This work does not require the performance of work-related
               activities precluded by the claimant's residual functional capacity.
24

REPORT AND RECOMMENDATION - 5

1

2

    7.       The claimant has not been under a disability, as defined in the Social Security Act, from April 4, 2008, the amended alleged onset date, through the date of this decision.

3

AR at 35-46.

4

## VI.    ISSUES ON APPEAL

5

The principal issues on appeal are:

6

    1.       Whether the ALJ properly found no severe mental impairment at step two.

7

8

    2.       Whether the ALJ gave sufficient reasons to discredit plaintiff's subjective claims that due to anxiety, panic attacks and depression, she could not sustain 8 hour work days or work around other people.

9

    3.       Whether substantial evidence supported the ALJ's residual functional capacity assessment (RFC) and the hypothetical questions.

10

    4.       Whether the proper remedy is remanded or an outright award of benefits.

11

Dkt. No. 17 at 1-2.

12

## VII.    DISCUSSION

13

The ALJ found that plaintiff had no severe mental impairments at Step 2, and

14

determined that plaintiff's RFC was not limited in any way by her mental capabilities.  Five

15

physicians evaluated plaintiff's mental state.  All five diagnosed plaintiff with varying degrees

16

of depression or other mental impairments such as anxiety disorder.  *See* AR 322-30 (Norma

17

Brown, Ph.D.), AR 338-52 (Daniel Niems, Psy.D.), AR at 477-84 (James Czysz, Psy. D.), AR

18

501-04 (Lisa Trigg, Ph.D.), AR at 370-75 (Deborah Kasman, M.D., in physical disability

19

evaluation).  No physician, including a nonexamining reviewing physician, issued an opinion

20

indicating that plaintiff did not have a mental disorder of some type.

21

At step two, a claimant must make a threshold showing that her medically determinable

22

impairments significantly limit her ability to perform basic work activities.  *See Bowen v.*

23

*Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c).  "Basic work

24

activities" refers to "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§

REPORT AND RECOMMENDATION - 6

1    404.1521(b), 416.921(b). "An impairment or combination of impairments can be found 'not

2    severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal

3    effect on an individual's ability to work.'" *Smolen*, 80 F.3d at 1290 (quoting Social Security

4    Ruling (SSR) 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of

5    groundless claims." *Id.* (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987).

6         To establish the existence of a medically determinable impairment, the claimant must

7    provide medical evidence consisting of "signs – the results of 'medically acceptable clinical

8    diagnostic techniques,' such as tests – as well as symptoms," a claimant's own perception or

9    description of her physical or mental impairment. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th

10   Cir. 2005). A claimant's own statement of symptoms alone is *not* enough to establish a

11   medically determinable impairment. *See* 20 C.F.R. §§ 404.1508, 416.908.

12        Here, psychologists ran a series of tests and evaluated plaintiff, and they all consistently

13   found plaintiff to be suffering from varying degrees of mental impairments. While some

14   medical opinions can be accorded less weight due to the factors cited by the ALJ in her

15   opinion, there is no medical evidence that supports the ALJ finding that the mental impairment

16   claims does not surpass the de minimis screening threshold device to simply dispose of

17   groundless claims. The ALJ erred at Step 2. Because there was no adjustment to the RFC to

18   accommodate any Step 2 severe mental impairments, this matter must be remanded for further

19   proceedings.

20        On remand, the Court is not directing the ALJ to credit any specific doctor or to find

21   the plaintiff disabled. Whether or not plaintiff is disabled is in the province of the SSA.

22   However, to find that plaintiff suffers from NO severe mental impairments at Step 2 in light of

23   the complete absence of any medical opinions contradicting the existence of mental

24

REPORT AND RECOMMENDATION - 7

1  impairments violates the well-known standard of review of medical opinions set out in *Orn v.*

2  *Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).

3  Having determined the ALJ made this Step 2 error requires remand for further

4  proceedings.  Plaintiff argues that the Court should remand for benefits.  However, a severe

5  impairment of depression or other mental impairment at Step 2 does not necessarily translate

6  into a finding of disability.  A further hearing is required.

7  VIII.  CONCLUSION

8  For the foregoing reasons, the Court recommends that this case be REVERSED and

9  REMANDED to the Commissioner for further proceedings not inconsistent with the Court's

10  instructions.  A proposed order accompanies this Report and Recommendation.

11  Objections to this Report and Recommendation, if any, should be filed with the Clerk

12  and served upon all parties to this suit within **fourteen (14)** days of the date on which this

13  Report and Recommendation is signed.  Failure to file objections within the specified time may

14  affect your right to appeal.  Objections should be noted for consideration on the District

15  Judge's motion calendar for the third Friday after they are filed.  Responses to objections may

16  be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed,

17  the matter will be ready for consideration by the District Judge on April 18, 2014.

18  DATED this 31st day of March, 2014.

19

20  JAMES P. DONOHUE
    United States Magistrate Judge

21

22

23

24

REPORT AND RECOMMENDATION - 8